UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 88-1886-CIV-MORENO

UNITED STATES OF AMERICA,
MICCOSUKEE TRIBE OF INDIANS, *et al.*,

    Plaintiffs,

vs.

SOUTH FLORIDA WATER MANAGEMENT
DISTRICT, *et. al.*,

    Defendants.
_____/

## ORDER DENYING MOTION TO COMPEL COMPLETION OF EAA RESERVOIR WITH LEAVE TO REFILE

THIS CAUSE came before the Court upon the Miccosukee Tribe of Indians' Motion to Compel Completion of Construction of EAA Reservoir **(D.E. No. 2028)**, filed on **July 11, 2008**.

THE COURT has considered the Motion, responses and the pertinent portions of the record. The Court also held a non-evidentiary hearing on the Motion on August 12, 2008. Being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is **DENIED** with leave to refile, pending: the outcome of Natural Resources Defense Council v. Van Anterp, *et al.*, Case No. 07-80444-CIV-MIDDLEBROOKS, pertaining to the validity of the State Parties' construction permit for the Everglades Agricultural Area ("EAA") Reservoir; and the actual resolution of the deal struck between the State of Florida and United States Sugar Corporation, whereby the State would acquire approximately 187,000 acres of farm land from U.S. Sugar for $1.75 billion.

In accordance with the Settlement and Consent Decree in this case, the State Parties

committed to constructing a number of environmental improvement projects to facilitate Everglades remediation – specifically phosphorus reduction. The parties dispute whether the State Parties are fully complying with the Consent Decree. One of the projects the State Parties committed to constructing is the EAA Reservoir at issue. However, the State Parties have suspended this project, which they argue is due to the uncertainty created by the NRDC case concerning their Clean Water Act Section 404 permit. The State Parties argue that they are at a crossroads whereby they would have to commit another $300 million to the next phase of the EAA Reservoir construction project, which they do not think prudent if their permit is invalid. Additionally, it has been brought to the Court's attention that immediate future commitment to the EAA Reservoir will impact the State's ability to finance a deal to purchase U.S. Sugar's farmland.

The Court expresses its sympathy for the Tribe and is conscientious that this issue literally arises in the Tribe's own backyard. Reiterating the Everglades Forever Act, the Everglades is "unique in the world and one of Florida's greatest treasures." Fla. Stat. § 373.4592(1)(a). However, apart from an *Amicus Curiae* brief submitted by the Friends of the Everglades, the Tribe is singular in its strong desire to see the EAA Reservoir constructed at this point in time. The Special Master has advised the Court only to monitor the project and listen to the concerns that have been voiced. While it is natural that the State Parties and U.S. Sugar oppose the Motion, the Court is also persuaded by the fact that the Sierra Club, National Wildlife Federation, Wilderness Society, National Parks and Conservation Association, Defenders of Wildlife, Florida Wildlife Federation, and Audubon Society of the Everglades stand at odds with the Tribe. Likewise, the Court cannot ignore the potential for monumental environmental improvement that the land acquisition would offer, even if actual returns are not realized until many years down the road. Delay may indeed be the enemy of the Everglades, but paradoxically, there is no quick fix for its problems. For

environmental recovery to be most effective and comprehensive, it must contemplate the best interests of future as well as present generations.  Logically speaking, the most successful long-term solution to Everglades pollution may be to buy out the polluters, and currently that option appears viable.  Perhaps only action of that magnitude will give the Everglades a chance at returning to the ideal of environmental sustainability.

However, the Court has reservations about again choosing the easy path of inactivity in this case.  If the prime movers responsible for environmental remediation could simply suspend or cancel projects that they have committed to construct every time they were offered a "better deal" with more potential for long-term improvement, the environment would likely be doomed.  Perhaps those who seek to protect the Everglades, as the Tribe has admirably and consistently done in the past, should join the other parties in eliminating barriers to a deal that offers such monumental potential for improving the environmental conditions of the Everglades.  Understanding that past promises have not been timely kept, if the land acquisition deal does not materialize within a reasonable period of time, and Judge Middlebrooks finds that the Army Corps of Engineers has a valid permit under WRDA 2000 and other laws, then this Court will immediately entertain the renewal of the Tribe's Motion.

DONE AND ORDERED in Chambers at Miami, Florida, this 13th day of August, 2008.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record

The Honorable Donald M. Middlebrooks, United States District Judge